# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **DEBRA L. BARKER,** | ) | |
| Plaintiff, | ) | Civil Action No. 2:12cv00001 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| **CAROLYN W. COLVIN**, | ) | |
| **Acting Commissioner of** | ) | By: Pamela Meade Sargent |
| **Social Security,** | ) | United States Magistrate Judge |
| Defendant. | ) | |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 23) ("the Motion"). This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

Debra L. Barker filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claims for a period of disability and disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423, 1381 *et seq.* (West 2011 & West 2012). Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner answered the suit, filing the administrative record. By Order dated October 11, 2012, the court vacated the Commissioner's final decision denying benefits and remanded the case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further

consideration.  (Docket Item No. 20.)  Barker's counsel has filed the current petition seeking approval of a fee of $6,000.00 for representing Barker in this court, pursuant to 42 U.S.C.A. § 406(b).  (Docket Item No. 23.)  The Commissioner has responded to the Motion, not objecting to the plaintiff's request for a fee or to the amount requested.  (Docket Item No. 24.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ."  42 U.S.C.A. § 406(b)(1)(A) (West 2011).  The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings.  *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).  According to the "Notice of Change in Benefits" letter attached to the Motion, the Social Security Administration already has awarded a fee in the amount of $6,000.00 for services rendered before it pursuant to 42 U.S.C.A. § 406(a).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002).  Counsel has not supplied any such agreement to the court.  As stated above, Barker's counsel has provided the court with a copy of the Social Security Administration's December 1, 2013, Notice of Change in Benefits letter, which states that it withheld a total of $20,211.25, or 25 percent, from the past-due

benefits of Barker and Barker's family[1] for payment of an attorney's fee. (Docket Item No. 23-1).

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past-due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Barker's counsel has not supplied any evidence other than the itemized time spent in the proceedings in this court. Plaintiff's counsel has not suggested an hourly rate for the work performed, nor has the Commissioner suggested what hourly rate would result in a proper fee. Counsel also has not divided the time expended into attorney time and nonattorney time.

---

[1] Plaintiff's counsel has not provided the court with Notice of Award letters for any of Barker's family members. However, the Notice of Change in Benefits letter represents that 25 percent of the past-due benefits due to Barker's family members is $6,738.25. Additionally, 25 percent of Barker's past-due benefits is $13,473.00. Thus, 25 percent of the total past-due benefits is $20,211.25.

3

Dividing the requested $6,000.00 fee by 16.5 hours results in an hourly rate of $363.64.

The court further notes, however, that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." *Chapman v. Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3674009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed 2.5 hours of time for preparing the Complaint, Summons and Civil Cover sheet and .50 hour of time for electronically filing the original and three copies of the same and the application to proceed without prepayment of fees with the court. I will allow .75 hour of nonattorney time for these activities combined. Counsel also claims .25 hour of time for receipt and review of the court order on the application to proceed without the prepayment of

fees. I find this request reasonable and will allow .25 hour of attorney time. Counsel claims .25 hour of time for sending a certified mail return receipt requested letter to General Counsel, enclosing the Complaint and Summons, .25 hour of time for sending the same to Eric Holder, Jr., and .25 hour of time for sending the same to Timothy Heaphy. Plaintiff's counsel also claims .25 hour of time for receipt and filing of the PS 3811 from Eric Holder, Jr. and General Counsel, as well as .25 hour of time for receipt and filing the PS 3811 from Heaphy. I will allow .50 hour of nonattorney time for these activities combined. Counsel claims .50 hour of time for preparation of service of process. I will allow .25 hour of nonattorney time for this. Counsel claims .25 hour of time for electronically filing with the court service of process and PS forms 3811 from Holder, General Counsel and Heaphy. I will allow .25 hour of nonattorney time for this. Counsel claims 1.00 hour of time for receipt and review of the Answer and Motion for Summary Judgment from the Special Assistant U.S. Attorney. A review of the docket in this case reveals that the Answer is a mere four pages in length, only two of which are substantive. Moreover, the Commissioner never filed a Motion for Summary Judgment or supporting brief in this case. That being the case, I will allow .25 hour of attorney time for reviewing the Answer. Counsel claims .25 hour of time for receipt and review of the Briefing Notice. I find this request to be reasonable and will allow .25 hour of attorney time. Counsel claims 8.00 hours of time for preparation of the Summary Judgment Brief and .25 hour of time for electronically filing the same with the court. The plaintiff's Summary Judgment Brief is only 10 pages in length and does not contain any novel or complex issues. Furthermore, the medical facts do not appear to be based on voluminous medical records. I will allow 5.00 hours of attorney time and .25 hour of nonattorney time for these activities combined. Counsel claims .50 hour of time for receipt and review of the defendant's Motion to Remand, Order and Judgment

5

Order. Counsel also claims .25 hour of time for receipt and review of the Order and Judgment Order from the court remanding the case. I will allow .25 hour of attorney time for these activities combined. Counsel claims 1.00 hour of time for preparing the fee petition for work performed in this court. I will allow .25 hour of attorney time and .50 hour of nonattorney time for this activity.

Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There is a total of 6.25 hours of attorney time and a total of 2.5 hours of nonattorney time. This court has held that $75 per hour is fair compensation under the circumstances for such nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). That being the case, the nonattorney time charges in this case total $187.50. Subtracting this amount from the $6,000.00 fee requested, results in a remaining amount of $5,812.50. Dividing the $5,812.50 by the 6.25 hours of attorney time yields an hourly rate of approximately $930.00. While I cannot, in good conscience, find that such an hourly fee in a social security disability case is per se reasonable, I note that the Commissioner has responded to the Motion and states that she does not object to the award of the requested fee. Moreover, the total of the attorney's fee now sought and a previously awarded fee of $6,000.00 for services provided before the Social Security Administration does not exceed 25 percent of the total of Barker's and Barker's family's past-due benefits. In fact, it appears that 25 percent of the past-due benefits is $20,211.25, which is $8,211.25 more than the total of the amount previously awarded and the amount now sought. Considering these things, I find that a total fee of $6,000.00 is reasonable for the attorney's services before this court. All of this being the case, I

recommend that the court award the requested attorney's fee in the amount of $6,000.00.

### RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the court grant the Motion and enter judgment awarding the plaintiff's attorney a fee of $6,000.00.

### **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2013):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendation as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: February 7, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE